UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN W. CHOATE,

        Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION (Amtrak), and LOCAL 168,
UNITED TRANSPORTATION UNION,
(a GENERAL COMMITTEE OF ADJUSTMENT
GO 769)

        Defendants.
_____/

Case No. 05-CV-74583
Judge Avern Cohn

## AMENDED MEMORANDUM AND ORDER** GRANTING DEFENDANT LOCAL 168, UNITED TRANSPORTATION UNION'S MOTION TO DISMISS IT AND COUNTS 7 & 8

### I.  Introduction

    This is an employment case.  Plaintiff, Norman Choate (Choate), worked for Defendant National Railroad Passenger Corporation (Amtrak) as an assistant conductor for several years.  Choate belonged to defendant Local 168[1], United Transportation Union (a General Committee of Adjustment, GO-769) (UTU).  Choate is suing defendants on 15 counts arising out of two sequences of events -- the first, relating to the denial of his application for a position as a locomotive engineer in 1998; and the second relating to his application for "light work" after he allegedly injured his back in 2002.  Defendant UTU is named in Counts 7 and 8.  In Count 7, Choate alleges that UTU breached its duty of fair representation regarding his application for light work on

---

[1] Choate sometimes refers to UTU as Local 178.  It appears from UTU's pleadings that 168 is correct.

1

account of his age in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 et seq.  In Count 8, Choate alleges that UTU breached its duty of fair representation regarding his application for a position as a locomotive engineer on account of his alleged age or disability in violation of the ADEA or the American with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.  UTU moves the Court to dismiss it and Counts 7 and 8 from the case.  On October 12, 2006, Choate withdrew Count 8.[2]  Therefore, the only issue before the Court is whether Count 7, and UTU should be dismissed.  For the reasons that follow, UTU's motion is GRANTED.[3]

## II.  Background

Choate was hired by Amtrak in 1992 as an assistant conductor.  In December 2002, Choate allegedly received an off-duty injury from a slip-and-fall at a K-Mart store.[4]  In March 17, 2003, Plaintiff applied through UTU for a "light duty" assignment under Amtrak's transitional duty policy.  His application was rejected on September 23, 2003, and again on December 17, 2003.  Choate then raised his denial with the UTU General Chairperson (GC) on February 8, 2004.  On February 13, 2004, the GC sent Choate a letter informing him that he was not eligible for a "light duty" assignment because he had

---

[2] See Choate's Response in Opposition to Defendant United Transportaion Union's Motion to Dismiss, page 16.

[3] Choate also brings claims under the Federal Employer's Liability Act (FELA), the Federal Safety Appliances Act, the Family Medical Leave Act (FMLA), ADEA, and ADA against Amtrak.  These claims refer to the same facts discussed in this memo, and also call for the recession of a General Release between Choate and Amtrak signed in 2004,  possibly regarding work related injuries.  There are presently no motions regarding these counts.

[4] Choate says that he had preexisting work related injuries, but does not provide any specific information regarding other injuries.

2

not suffered an on-duty injury as required by the Transitional Work Assignment Policy of 2000 (TWA agreement), which had been negotiated by UTU with Amtrak.  On August 9, 2005, Choate filed a charge with the Equal Employment Opportunity Commission (EEOC) claiming that UTU discriminated against him due to his age and disability in failing to assist him in obtaining a "light duty" assignment.  On November 8, 2005, the EEOC issued a dismissal and "right to sue letter."

Choate brought this case against Amtrak on December 2, 2005, seeking the recession of a June 18, 2004, General Release he signed with Amtrak.  On May 3, 2006, Choate filed his first amended complaint, adding UTU as a defendant through the addition of Counts 7 and 8.

### III.  Standard for Dismissal

A court should grant a motion to dismiss pursuant to Rule 12(b)(6) of the FED. R. CIV. P, if it appears that, drawing all reasonable inferences in favor of the non-movant, the opposing party can proved no set of facts to support the claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### IV.  Discussion

#### 1. The Parties' Arguments

In Count 7 Choate alleges that UTU breached its duty of fair representation in violation of the ADEA on account of his age.  Choate appears to be arguing that the UTU did not fairly represent him in his efforts to obtain light work after his alleged off-duty injury because after UTU denied him representation in his effort to obtain "light duty" based on TWA's policy, it did not inform him of alternative avenues to pursue light

3

work under the ADA.[5]  UTU says this claim should be dismissed because Choate failed to file a timely EEOC charge and because Choate failed to file a lawsuit within the 90 day period following the dismissal of his charge by the EEOC.

UTU points out that Choate is required to assert a disability claim regarding the denial of an application for "light duty" with the EEOC within 300 days of the triggering event.  Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001)(additional citations omitted).  The 300 days begins to run when a plaintiff knows or should know of the triggering event.  Id. at 498 (additional citations omitted).  UTU says that the triggering event is the February 13, 2004, letter from the GC informing Choate that he was not eligible for "light duty" under the TWA agreement.  UTU says that Choate did not file his EEOC charge until August 9, 2005 – a year and a half after the letter was sent to him and 8 months after the 300 day time period had run.

Additionally, UTU says that Choate has failed to meet the 6 month statute of limitation to file a "failure to represent" claim.  DelCostello v. Teamsters, 462 U.S. 51 (1983)(additional citations omitted).  UTU again argues that the triggering event is the February 13, 2004, letter and points out that Choate did not file suit until May 3, 2006– over 2 years after the statue of limitations had run.

Next, UTU says that the EEOC provided Choate with a "right to sue" letter which provides that a plaintiff has 90 days to file suit or the right to sue is lost.  See 29 C.F.R.

---

[5] In the amended complaint at Count 7, Choate argues that UTU violated the ADEA based on age.  In their response in opposition to UTU's motion to dismiss however, the argument is that UTU has violated the ADA based on disability.   Since the request for light duty related to Choate's alleged slip and fall injury, it appears that Count 7 should reference the ADA.

1601.28(e) (additional citations omitted).  Choate received the "right to sue" letter on November 8, 2005, from the EEOC.  Choate filed this case against Amtrak on December 2, 2005, however, he did not include UTU in the original complaint.  It was not until May 3, 2006 – five months later– that Choate added UTU to the case in his first amended complaint through the addition of Counts 7 and 8.  UTU argues that the Court should dismiss Count 7 because the Sixth Circuit has clearly stated that where the statue of limitations has run and a new party is added in an amended complaint, the amended complaint will not relate back to the original filing.  Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973) (additional citations omitted).

Choate responds in a conclusory manner that Count 7 is not untimely because the triggering event was August 16, 2005.  Choate does not explain why August 16, 2005, is the triggering date.  He argues instead that the letter was not the triggering event because the UTU was "suspiciously narrow in its scope, and made no mention of other possible avenues to a formerly disabled employee, who wanted to return to work on a light duty basis."  UTU however, sheds some light on Choate's dispute with the triggering date by explaining in a footnote that Choate continued to raise the issue of obtaining "light duty" with the Local Chairperson.  However, UTU points out that Choate's efforts were not  through an internal appeals process that would toll the statue of limitations.

Choate wholly fails to address the issue of whether his suit is untimely because he did not add UTU as a defendant within the 90 day period after he received the EEOC "right to sue" letter.

5

### 2. Resolution

Even if the Court were to agree that Choate filed his EEOC charge within the 300 day limit, Count 7 should still be dismissed because Choate failed to file suit against UTU within 90 days of receiving the "right to sue" letter. Choate has offered no reason for his failure to add UTU within the statutory time period.  Accordingly, the Court grants UTU's motion to dismiss Count 7.   Since Count 7 was the only remaining claim against UTU, it is DISMISSED from the case.

SO ORDERED.

                        s/Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

Dated: November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 30, 2006, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager, (313) 234-5160

** The text from footnote number 1 was omitted from the original memorandum and order.