UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN W. CHOATE,

        Plaintiff,

v.                                      Case No. 05-CV-74583
                                          Judge Avern Cohn

NATIONAL RAILROAD PASSENGER
CORPORATION (Amtrak), and LOCAL 168,
UNITED TRANSPORTATION UNION,
(a GENERAL COMMITTEE OF ADJUSTMENT
GO 769)

        Defendants.
_____/

## ORDER DENYING CHOATE'S MOTION FOR REHEARING OR RECONSIDERATION

### I.  INTRODUCTION & BACKGROUND

On November 20, 2006 the Court entered an order dismissing defendant United Transportation Union (UTU) from Count 7 and dismissing it from this case.[1]  Choate was a member of UTU while he was employed with defendant National Railroad Passenger Corporation (Amtrack) as an assistant conductor.  In Count 7, Choate alleged that UTU breached its duty of fair representation regarding his application for light work on account of his age, in violation of the Age Discrimination in Employment Act (ADEA) 19 U.S.C. § 621 et seq.  The Court granted UTU's motion to dismiss on the basis that Count 7 is barred by the statute of limitations.  In particular, Choate failed to

---

[1] Choate voluntarily withdrew Count 8 on October 12, 2006.  See Plaintiff's Response in Opposition to Defendant United Transportation Union's Motion to Dismiss, at p. 16.

1

name UTU as a defendant in the case within 90 days of receiving a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC) on November 8, 2005. While Choate filed suit on December 2, 2005, he did not include UTU in the original complaint. The 90 day limit would have run on February 6, 2006. It was not until April 28, 2006 that Choate added UTU to the case in his first amended complaint.

Before the Court is Choate's motion for rehearing or reconsideration. For the following reasons, the motion will be denied.

## II. ANALYSIS

Choate states three reasons for reconsideration. Each argument will be addressed in turn.

### A. Whether Choate was Mentally Incompetent While the Statute of Limitations was Running

#### 1. Argument

Choate argues that his motion should be granted under the doctrine of equitable tolling because he suffered from diminished capacity due to a severe depressive episode concurrent with his efforts to file the case pro per. Choate says he suffers from a major depressive disorder and has been undergoing treatment for at least 20 years. Choate relies on Carver v. Ford Motor Co., 108 Mich. App. 359, 361 (1981), which held that a plaintiff who suffered from severe depressive disorder which profoundly impaired her judgment while the statute of limitation on her claim was running had stated grounds sufficient to overcome a defendant's motion to dismiss for failure to initiate a suit within the applicable statute of limitation.

#### 2. Resolution

Choate's argument is unavailing because he has not provided the Court with adequate (or in fact <u>any</u>) evidence that he suffered from a severe depressive episode that rendered him mentally incompetent during the relevant time period.  As recognized by the court in <u>Bassett v. Sterling Drug, Inc.</u>, 578 F. Supp. 1244, 1248 (S.D. Ohio 1984), objective standards should generally be applied to "protect defendants against specious allegations of mental incompetence advanced in desperate efforts to save time-barred claims."  The court held that generally, a plaintiff must be adjudicated to be mentally incompetent by a court of competent jurisdiction or be institutionalized during the filing period under a diagnosed condition or disability which rendered him of unsound mind. <u>Id</u>.  Choate relies on <u>Carver</u>.  However, unlike Choate, the plaintiff in <u>Carver</u> produced evidence upon which the court adjudicated that the plaintiff was mentally incompetent.  In particular, Carver filed the affidavit of a qualified psychologist who concluded that plaintiff's severe depressive disorder fully disabled her from comprehending and acting upon her attorney's advice during the relevant time period.

**B.  Whether the Courts' Granting of Extensions Tolled the Statute of Limitations**

**1. Argument**

Choate says that the Courts' granting of extensions tolled the 90 day statute of limitation for filing a claim after he received his right-to-sue letter from the EEOC on November 8, 2005.  Choate depends on the following chronology:

(1) On December 2, 2005 Choate filed his original complaint.

(2) On December 9, 2005 the Court dismissed Choate's complaint as frivolous.

(3) On February 13, 2006 Choate filed a motion for reconsideration and

3

reinstatement of his complaint. He named UTU as a defendant in the caption.[2]

(4) On February 26, 2006 Choate's motion was granted. Choate was directed to file an amended complaint within 15 days.

(5) On March 15, Choate requested an extension of time to file an amended complaint and also to add UTU as a defendant.

(6) On March 17, 2006 the Court granted Choate's motion, allowing him until April 17, 2006 to file an amended complaint naming UTU as a defendant.

Choate argues that the Court's order of December 9, 2005 dismissing his complaint tolled the running of the statute of limitation. Next, Choate argues that the Courts' reinstatement of his claim and grant of extensions did not commence it running until April 17, 2006. Therefore the only time tolled was the 25 days between November 8, 2005 (when he received the right-to-sue letter) and December 2, 2005 when he filed his original complaint.

## 2.  Resolution

Choate's argument that the statute of limitation was tolled between December 2, 2005 and April 17, 2005 is unavailing. The fact that Choate filed a claim against Amtrak on December 2, 2005 did not preclude him from filing a motion to amend the complaint, adding UTU. The Court dismissed the case on December 9, 2005, and Choate waited until February 13, 2006 to file a motion for reconsideration and reinstatement, in which he referenced UTU as a defendant in the caption. Nothing precluded Choate from filing this motion sooner. The Court finds that the statute of limitation period ran from November 8, 2005 until February 6, 2006. Choate did not even reference UTU as a

---

[2] Choate incorrectly states that he filed this motion on February 6, 2006. The filing stamp, as well as the date on the document clearly state that the motion was filed on February 13, 2006.

defendant until one week later, and was therefore outside the statute of limitations.

### C. Whether the Triggering Date for the Statute of Limitations to Bring his EEOC Claim or File a Suit was in August, 2005

#### 1. Argument

Finally, Choate argues that he filed his suit before the statute of limitations period expired on his ability to file an EEOC charge or his right to file a "failure to represent claim." Choate's argument is in reference to UTU's argument that Count 7 should be dismissed because he failed to file a charge with the EEOC within 300 days of receiving a letter from UTU stating that he was not eligible for "light duty", and did not file a "failure to represent" claim within 6 months after receiving this letter. Choate argues that he continued to communicate with UTU about whether they would assist him in obtaining light work until August, 2005, and therefore there is a question as to whether the statute of limitations period did not begin to run until August, 2005.

#### 2. Resolution

Choate's argument is unavailing because even if the Court were to agree with Choate's argument that the statute of limitations to file an EEOC charge or to file a "failure to represent claim" did not start running until August of 2005, Choate overlooks the fact that Count 7 was properly dismissed on a different basis -- that he failed to file his claim within 90 days after receiving a right-to-sue letter from the EEOC.

### III. CONCLUSION

For the reasons stated above, Choate's motion is DENIED.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: February 23, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 23, 2007, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160